## AMERICAN FINANCE CO. OF GALVESTON v. RANDOLPH et al.
### No. 9793.

Court of Civil Appeals of Texas. Galveston.

Jan. 6, 1933.

---

[1] No opinion filed.

Terry, Cavin & Mills, of Galveston, for appellant.

Roy Johnson, of Galveston, for appellees.

PLEASANTS, C. J.

This suit was brought by appellant against appellees, J. A. Randolph and W. O. Eaves, to recover the amount due upon a series of notes executed by the defendant Randolph in favor of plaintiff on June 21, 1930, and to foreclose as against both defendants a mortgage lien, given by Randolph to secure the payment of the notes, upon a Ford automobile fully described in the petition, and alleged to be of the value of $425.

The amount alleged to be due upon said notes, all of which were declared due under the acceleration provision contained in each of the notes, was the sum of $403.31, with 10 per cent. interest on each of the unpaid notes from maturity, and the further sum of 15 per cent., as attorney's fees, on the principal and interest due plaintiff upon the notes, as stipulated in each of the notes.

With the filing of its petition the plaintiff made affidavit and bond in sequestration proceedings against the defendant Eaves, and the automobile was seized by the sheriff of Harris county under a writ of sequestration issued on said application, and was thereafter replevied by the execution of a replevy bond by Eaves.

The defendant Randolph answered by general demurrer and general denial, and by special plea in which he avers that when called upon by an agent of plaintiff to make payment of the notes due plaintiff he surrendered the automobile to said agent, who accepted the automobile in full satisfaction of said indebtedness; that such agent, after receiving the automobile, sold it for the sum of $475 in cash, which was more than the amount of the defendant's indebtedness to plaintiff; and that this transaction with plaintiff's said agent constitutes a full and complete satisfaction of the balance of the indebtedness for which plaintiff brings this suit.

The defendant Eaves answered by general demurrer and general denial, and specially pleaded that he bought the automobile from Tom Oliphint, the agent of plaintiff to whom it had been delivered by defendant Randolph in full satisfaction of plaintiff's debt. "That on or about December 26, 1930, this defendant, in total ignorance of the transaction between the plaintiff, the said Tom Oliphint, and the defendant J. A. Randolph, and entirely innocent of the existence of and registration of any chattel mortgage in favor of the plaintiff and covering the automobile described in plaintiff's petition, purchased the automobile described in plaintiff's petition from the said Tom Oliphint, giving him in payment therefor one Model T Ford Four Door Sedan of the reasonable value of $150.00 and the sum of $325.00 cash, and received the said automobile, together with proper transfer of license receipt and bill of sale, and that plaintiff had no reason to believe and did not know or believe that there was any legal reason why the said Tom Oliphint did not have the legal right to sell and deliver said automobile to him and to receive from him the Model T Ford automobile and said sum of $325.00 cash, and here and now alleges that the chattel mortgage lien which was held by the plaintiff against said automobile has been discharged, satisfied, and cancelled by the acts and conduct of the plaintiff's agent, Tom Oliphint, and that this defendant should go hence without day and recover his costs."

He further pleaded that Tom Oliphint had the automobile upon the floor of his place of business in Huntsville, Walker county, at the time he sold it to this defendant, and when such sale was made Oliphint fraudulently concealed from defendant the existence of the chattel mortgage in favor of plaintiff upon the automobile, "and that in the event this defendant be required by the judgment of this honorable court to pay to the plaintiff any sum or sums of money whatsoever, that he is entitled to recover said sum or sums of and from the said Tom Oliphint for the reasons above alleged."

This answer further asks that Oliphint be cited to appear and answer this cross-action of defendant, and prayed for judgment against Oliphint as above indicated.

The plaintiff by supplemental petition, after excepting generally and specially to the answers of the defendants, denied generally and specially all of the allegations of facts contained therein; the denial of the agency of Oliphint being duly verified by oath.

By supplemental answer the defendants denied all of the allegations of plaintiff's supplemental petition, and further pleaded: "That if it be true that the mortgage contains a stipulation that the monthly payments should be made direct to the American Finance Company of Galveston that the said American Finance Company of Galveston has waived that provision in said mortgage in this cause by agreeing to and permitting the said Tom Oliphint to receive as many as three monthly payments from the defendant Randolph and remit the same to the American Finance Company of Galveston and that by its conduct the said plaintiff has waived that provision in the mortgage requiring the defendant Randolph to make remittance direct to the American Finance Company of Galveston."

The trial in the court below with a jury resulted in a verdict and judgment in favor of defendants. The case was not submitted upon special issues, and the verdict of the

jury in favor of the defendants under the pleadings and uncontradicted testimony can only be based on a finding by the jury that Tom Oliphint, to whom the automobile was delivered by defendant Randolph in satisfaction of the notes sued on which were executed by Randolph in favor of plaintiff and payable to plaintiff at its office in the city of Galveston, acted as the authorized agent of plaintiff in accepting the automobile in full payment and satisfaction of the notes.

We agree with appellant that there is no evidence in the record sufficient to raise an issue of such agency. The undisputed evidence shows that Tom Oliphint, who was an automobile dealer in the city of Huntsville, Walker county, had an arrangement with the plaintiff, a corporation domiciled in Galveston, to sell it the notes taken by him in part payment of the purchase money for automobiles sold by him, upon terms satisfactory to plaintiff, and would indorse and guarantee the payment of notes so sold by him to plaintiff. In furtherance of this arrangement the plaintiff prepared and furnished Oliphint with notes and blank mortgages in its favor to be executed by purchasers of his automobiles whose purchase-money notes Oliphint desired to sell plaintiff. The notes and mortgage sued on by plaintiff, which were executed by Randolph, were prepared in accordance with the agreement between plaintiff and Oliphint. Randolph was charged with notice that the notes and mortgage executed by him were in favor of plaintiff, and that the notes were payable to plaintiff at its office in the city of Galveston, and he does not deny he had actual notice of these facts. As the notes matured plaintiff notified Randolph, and also notified the indorser and guarantor, Oliphint, and demanded payment of the matured note. Randolph paid several of these notes as they matured to Oliphint, who remitted the amounts so paid to plaintiff at Galveston.

When the note upon which default was made matured, plaintiff sent notice of maturity and demand for payment to Randolph and Oliphint severally. After such notice was received by Oliphint, he sent one of his agents to see Randolph and demand payment of the note or a return of the automobile. In compliance with this demand Randolph returned the automobile, and Oliphint agreed to accept it in full satisfaction of the balance due on the notes.

Oliphint in a short time after receiving the automobile sold it to defendant Eaves. The mortgage securing the notes was duly recorded in Walker county, where Randolph resided and kept the automobile, and where Oliphint, from whom he purchased it, resided and carried on his business.

The uncontroverted evidence shows that Oliphint was not authorized by plaintiff to accept for it the automobile delivered by Randolph in satisfaction of Randolph's notes in favor of plaintiff. There is no evidence to show a ratification by plaintiff of the unauthorized act of Oliphint in accepting the automobile in satisfaction of plaintiff's notes, and no evidence that plaintiff received any of the proceeds from the sale of the automobile by Randolph, or that it ever had notice of the acceptance by Oliphint of the automobile in satisfaction of plaintiff's notes.

Upon this state of the evidence no issue of agency or of ratification of the acts of the pretended agent was raised. The issue of estoppel was not raised by the pleadings, nor by any evidence in the case. The fact that plaintiff had received from Oliphint the payment of several of the notes due it by Randolph, which had been paid to Oliphint by Randolph, would not raise the issue of estoppel, if that issue had been pleaded. It is well settled that in questions of agency vel non the claim of estoppel by the person dealing with the supposed agent is not available unless specially pleaded, regardless of the evidence on such issue.

These conclusions require that the judgment of the trial court be reversed, and judgment here rendered in favor of appellant against the defendant Randolph for the amount of the principal, interest, and attorney's fees due upon the notes sued on, and against both these defendants establishing and foreclosing appellant's lien upon the automobile described in its petition. Appellant is further entitled to a judgment against defendant Eaves and the sureties upon his replevy bond for the value of the automobile as fixed by the officer taking and approving said bond, subject to the right of said defendant and his bondsmen to satisfy such judgment by complying with the provisions of the sequestration statute of this state (Rev. St. 1925, art. 6840 et seq.).

Judgment is ordered entered in accordance with the above conclusions.

Reversed and rendered.